**UNITED STATES of America, Appellee,**

**v.**

**Larry Nelson BODE, Appellant.**

**No. 81–2045.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1982.

Decided Jan. 25, 1982.

---

Raymond C. Conrad, Federal Public Defender, W. D. Missouri, Kansas City, Mo., for .appellant.

Robert G. Ulrich, U.S. Atty., Mark J. Zimmermann, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Larry Nelson Bode was charged in an eleven-count indictment with making fraudulent claims against the United States for income tax refunds in violation of 18 U.S.C. § 287. He was convicted on all eleven counts. He was sentenced to consecutive five-year prison terms on Counts 1 and 2, a five-year term on Counts 3–11 to run concurrently with the sentences imposed on Counts 1 and 2, and, on Count 11, a five-year probation term to commence at the end of his incarceration.

Bode appeals his conviction, arguing that: (1) the district court erred in refusing to suppress a witness's in-court identification of the defendant, and (2) the court erred in admitting Internal Revenue Service transcripts of the accounts in which the fraudulent refund claims at issue were made. After carefully reviewing the record and the briefs on appeal, we conclude that these contentions are without merit.

The district court conducted a hearing to consider Bode's motion to suppress the testimony of William McGeehan, a post office employee who identified the defendant as the person who had leased the post office box to which the fraudulent refunds were to be sent. The defendant contended that McGeehan's identification was based on an allegedly impermissible photo display conducted by an IRS agent two months before trial. In ruling on the motion, the court expressly considered those factors which the Supreme Court established in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), as indicative of the reliability *vel non* of a witness's identification. The court overruled the suppression motion, finding that McGeehan's identification of the defendant was independently made and was "not brought about by any improper display of photograph or photographs." This conclusion is well supported by the record.

It is also clear from the record that the district court did not abuse its discretion by admitting the IRS account transcripts. This evidence was neither irrelevant nor highly prejudicial.

Affirmed.